**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene J. Kernan, ) | No. MC-05-0172-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Internal Revenue Service; ) | |
| Wayne Johnson; and Rosanne Perricelli, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before this Court is Respondents' Motion to Dismiss Petition to Quash Summons ("Motion to Dismiss"). (Doc. # 5.) Petitioner filed a Response to the Motion to Dismiss (Doc. # 7), and Respondents filed a Reply in Support of the Motion to Dismiss (Doc. # 8). The Court now rules on this motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual and procedural background, for purposes of this Order, is summarized herein. On October 26, 2005, Respondent Wayne Johnson, employee of the Internal Revenue Service ("IRS"), notified Petitioner that the IRS was conducting an investigation to determine if Petitioner participated in tax avoidance transactions, and if he

1 was subject to penalties and injunctions under the Internal Revenue Code.[1]  The notice sent
2 to Petitioner stated that the IRS may contact other persons for information related to the
3 investigation; however, the letter acknowledged that the IRS is prohibited by law from
4 disclosing more information than necessary to third parties.  On November 21, 2005,
5 Respondents served a third party summons on Bank of America in furtherance of the IRS
6 investigation.  The summons requested records held by Bank of America relating to accounts
7 under Petitioner's name.

8 On December 8, 2005, Petitioner filed a Petition to Quash Third Party Summons
9 ("Petition") pursuant to 26 U.S.C. § 7609(b) of the Internal Revenue Code.  Petitioner seeks
10 to quash the summons served upon Bank of America on the ground that Respondents are
11 abusing the third party summons to obtain information about persons other than Petitioner.
12 Petitioner also contends that Respondents have failed to follow administrative procedures for
13 accessing private financial records.

14 Respondents filed the pending Motion to Dismiss on February 3, 2006.  Respondents
15 move to dismiss the Petition as against Johnson and Perricelli pursuant to Rule 12(b)(1) of
16 the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  The United
17 States of America, improperly named as the IRS,[2] moves to dismiss the Petition in its entirety
18 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[1] Specifically, the IRS is investigating Petitioner's potential liability under 26 U.S.C. §§ 6694, 6695, 6700, 6701, 7402, 7407, and 7408.

[2] Suits against a federal agency *eo nomine* may proceed against the agency only when Congress has expressly consented to the suit brought against the agency.  *See City of Whittier v. U.S. Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979); *Devries v. IRS*, 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952)). Because Petitioner's basis for jurisdiction, 26 U.S.C. § 7609(b), does not authorize a suit against the IRS in its own name, the IRS is not a properly named party.  However, Respondents do not move to dismiss the IRS under Rule 12(b)(1), but rather proceed as though the United States, instead of the IRS, is a named Respondent.  For purposes of the Motion to Dismiss, the Court will substitute the United States for the IRS.

## II.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

### A.   Legal Standard

Respondents allege that the Petition should be dismissed as to IRS Agent Wayne Johnson and IRS Group Manager Rosanne Perricelli for lack of subject matter jurisdiction. Claims raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure should be addressed before other Rule 12(b) grounds for dismissal. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2006) ("[W]hen the motion is based on more than one ground, . . . the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot"); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Respondents move for dismissal of Johnson and Perricelli under the doctrine of sovereign immunity. According to this doctrine, the United States is a sovereign, and as such, "without specific statutory consent, no suit may be brought against the United States." *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). If the United States does not consent to the suit, dismissal of the action is required. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). As a ground for dismissal, sovereign immunity falls under Rule 12(b)(1). *See* Wright & Miller, *supra*, § 1350 (stating that a 12(b)(1) motion may be appropriate when a claim is barred by sovereign immunity); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (finding sovereign immunity presents a question of subject matter jurisdiction). The Court will address this basis for dismissal first.

### B.   Discussion

Two of the named Respondents in this case, Johnson and Perricelli, are federal IRS employees, who issued the summons Petitioner seeks to quash. The Ninth Circuit Court of Appeals has held that "[a] suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)). Petitioner argues in his Response that Respondents are properly named if they acted outside

1 the scope of their employment. This assertion is only partially correct. Sovereign immunity
2 does not bar damage actions against federal employees acting in their individual capacity.
3 *See Gilbert*, 756 F.2d at 1459. However, Petitioner does not bring an action for damages
4 against Johnson and Perricelli. Rather, Petitioner asks the Court to quash a summons issued
5 by Respondents.[3]

6 Finding no evidence to the contrary, the Court finds that the IRS employees were
7 acting within their official capacity when the third party summons was served on Bank of
8 America. Because Petitioner asks that the Court quash the summons issued by the IRS, the
9 United States is the proper Respondent in this action, not IRS employees Johnson and
10 Perricelli. Therefore, this action may be maintained, if at all, against the United States only.
11 Neither of the individually named IRS employees are properly named to the Petition.
12 Consequently, Petitioner's claims against the individual IRS employees are barred by the
13 doctrine of sovereign immunity. Respondent's Motion to Dismiss pursuant to Rule 12(b)(1)
14 is granted.

### III.    MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

#### A.    Legal Standard

17 In response to a summons issued by the IRS, a person under IRS investigation may
18 bring a proceeding to quash the summons or intervene in the action. 26 U.S.C. § 7609(b).
19 Subsequently, the United States may file a counter-petition to enforce the summons, or the
20 United States may move to dismiss the petition pursuant to Rule 12(b)(6) of the Federal
21 Rules of Civil Procedure. *See Wilde v. United States*, 385 F. Supp. 2d 966, 968 (D. Ariz.
22 2005). Respondent now moves to dismiss the Petition in its entirety pursuant to Rule
23 12(b)(6); therefore, Respondent is not required to establish a prima facie case for

---

[3] Further, Petitioner does not present any facts, in either his Petition or Response, to support his assertion that it should be determined at trial whether the Respondents were acting outside the scope of employment when they issued the summons. The Court notes that Petitioner's frequent, bald assertions, unsupported by facts, are insufficient to provide a valid defense to the summons as is required in a petition to quash.

1 enforcement. *Id.* (holding that the burden shifts to the petitioner to establish a valid defense to the summons).

The Court may not dismiss the Petition for failure to state a claim "unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claims which would entitled him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. County of L.A.*, 957 F.2d 652, 654 (9th Cir. 1992)). The Court must construe the facts alleged in the Petition "in the light most favorable to the [petitioner] and must accept all well-pleaded *factual* allegations as true." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (emphasis added). Petitioner is under the mistaken belief that a Rule 12(b)(6) motion to dismiss "admits all material allegations in the complaint." (Doc. # 7:2.) While the facts presented in a petition are presumed to be true for purposes of a motion to dismiss, the legal conclusions drawn from the facts are not considered admitted by Respondent. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("'However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.'" (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994))). The Petition must meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, the pleading must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, if the Petition fails to establish a valid defense to the summons, dismissal under Rule 12(b)(6) is appropriate. *See* 26 U.S.C. § 7609(b)(2); *see also Wilde*, 385 F. Supp. 2d at 968 ("'[T]he burden shifts immediately to the petitioner to establish a valid defense to the summons'" (citations omitted)).

### B. Discussion

For the purpose of investigating violations of the Internal Revenue Code, the IRS has broad authority to issue summonses under 26 U.S.C. § 7602(a). *See Tornay v. United States*, 840 F.2d 1424, 1431 (9th Cir. 1988) ("Congress has vested the IRS with broad investigative powers to enforce the tax laws"). The Court's primary role is to guard against abuse of summons power. *Id.* (citing *United States v. Powell*, 379 U.S. 48, 58 (1964)). Before a

1 summons is enforced, the United States "must show that the investigation will be conducted
2 pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the
3 information sought is not already within the [IRS's] possession, and that the administrative
4 steps required by the Code have been followed." *Powell*, 379 U.S. at 57-58 (establishing the
5 *Powell* factors that must be satisfied before a summons may be judicially enforced).
6 Petitioner argues that the *Powell* factors have not been satisfied; therefore, the summons must
7 be quashed. However, Petitioner's arguments are either without merit or fail to present
8 specific facts necessary to infer an abuse of summons power.

9 Contrary to Petitioner's claim that Respondent must "demonstrate satisfaction of all
10 administrative steps," (Doc. #7); the burden shifts to the petitioner to establish a valid
11 defense to the summons. *See Wilde*, 385 F. Supp. 2d at 968. Accordingly, Petitioner bears
12 the burden of demonstrating that administrative steps were not satisfied.[4]

13 Petitioner alleges several times in his Petition and Response that the IRS failed to
14 meet the reporting requirements of the Right to Financial Privacy Act ("RFPA"). The RFPA
15 places limitations and administrative requirements on government agencies in the process of
16 requesting financial records from financial institutions. *See* 12 U.S.C. § 3402. Congress,
17 however, has specifically exempted requests made under the Internal Revenue Code from the
18 RFPA's requirements. *See* 12 U.S.C. § 3413(c) ("Nothing in this chapter prohibits the
19 disclosure of financial records in accordance with procedures authorized by Title 26").
20 Respondent issued the summons in accordance with 26 U.S.C. §§ 7602 and 7603; therefore,
21 compliance with the RFPA is not required. Petitioner's frequent citations to the RFPA are
22 inapplicable, and fail to establish a valid defense to the summons.

---

[4] Petitioner quotes at length from the Internal Revenue Manual and Penalty Handbook, alleging that all administrative steps were not followed. However, Petitioner's arguments do not address any specific failure. Further, it is not for the Court to decide if Respondent Johnson should be terminated from his employment for failure to follow the Manual or Handbook. The Court finds this line of argument wholly irrelevant.

- 6 -

1   Petitioner further alleges that the summons must be quashed because Respondent
2   failed to satisfy the notice requirement of the Administrative Procedures Act, 5 U.S.C. §
3   554(b). Respondent correctly argues that the Administrative Procedures Act does not apply
4   to the IRS investigation.[5] An IRS investigation or the decision to begin an investigation is
5   not an adjudicative order subject to the requirements set forth in the Administrative
6   Procedures Act. Moreover, the exhibits attached to the Petition demonstrate that Petitioner
7   had adequate notice of the IRS investigation.

8   Petitioner challenges the authority of the IRS to issue a summons to a third party that
9   will reveal information about persons other than Petitioner. As stated above, the IRS has
10  broad authority to issue summonses. *See Tornay*, 840 F.2d at 1431. If the summons relates
11  to third party records kept by the summoned party, the IRS must give notice of the summons
12  to the third party and other persons identified in the summons.   *See* 26 U.S.C. § 7609(a).
13  The Court finds that the IRS did in fact give proper notice. The IRS issued the summons in
14  furtherance of its investigation, and notified Petitioner that the IRS may need "to verify
15  information" and "may contact other persons" during the investigation of Petitioner's
16  potential involvement in tax avoidance transactions. (Doc. # 1, Ex. C.) Given the nature of
17  transactions, the IRS will undoubtably obtain information about other persons in addition to
18  Petitioner. The Court fails to find that the IRS is illegitimately "fishing" for information in
19  violation of the *Powell*'s "legitimate purpose" factor.

20  Petitioner also alleges that the IRS is already in possession of the summoned records;
21  therefore the Petition must be granted and the summons quashed. Petitioner argues that
22  because the IRS has information concerning Petitioner's activities, the IRS must already be
23  in possession of all necessary information. The Court finds Petitioner's reasoning faulty.

---

[5] Petitioner argues that the investigation is an "adjudication" and subject to the Administrative Procedures Act. The Court disagrees. The Act defines "adjudication" as an "agency process for the formulation of an order." 5 U.S.C. § 551(7). An "order" is defined as "the whole or a part of a final disposition . . . of an agency in a matter." 5 U.S.C. § 551(6). An IRS investigation is not the formulation of an order resulting in final agency disposition.

- 7 -

1 Given the nature of the investigation, the IRS may be in possession of related financial
2 information and still properly issue a third party summons. Petitioner has failed to allege any
3 facts in support of his claim that Respondent is already in possession of the Bank of America
4 records requested in the summons.

5 Petitioner also claims that the third party summons was issued in bad faith, and
6 therefore must be quashed. The Court finds no evidence of bad faith on the part of the IRS.
7 Petitioner states that the Respondent acted in bad faith by failing to meet the *Powell* factors;
8 however, the Court finds that Petitioner has not sufficiently demonstrated any violations of
9 the factors. Even if the IRS failed to meet a factor, it is not *per se* evidence of bad faith.
10 Further, Petitioner's argument that the IRS used his Social Security number in bad faith is
11 without merit. In general, a Social Security number is included on a summons to ensure that
12 correct documents are produced by the third party. Accordingly, the Court is not persuaded
13 that Respondent has acted in bad faith in issuing the third party summons to Bank of
14 America.

15 Petitioner has failed to establish any valid defense to the summons; therefore, the
16 allegations in the Petition fail to state a claim upon which relief may be granted. For the
17 reasons stated above, the Court grants Respondent's Motion to Dismiss the Petition in its
18 entirety.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Court grants Respondents' Motion to Dismiss the Petition as against Wayne Johnson and Rosanne Perricelli for lack of jurisdiction (Doc. # 5);

**IT IS FURTHER ORDERED** that the Court grants Respondent's Motion to Dismiss the Petition in its entirety for failure to provide a valid defense to the summons (Doc. # 5) terminating the case; and the Clerk of Court shall enter judgment accordingly.

DATED this 25th day of July, 2006.

James A. Teilborg
United States District Judge